No. 3051.

(Court of Appeal, Parish of Orleans.)

AMERICAN HOMESTEAD COMPANY vs MARION M. KARSTENDIEK ET AL.

All matters of law and issues of fact involved in this appeal were present in another, and similar appeal between the same parties in the Supreme Court and received decision by that Court adversely to the petitions of the defendant and appellant. American Homestead Company vs Mrs. Marion M. Karstendiek No. 14,652, Dec. 14th, 1903, and not yet reported.

Appeal from Civil District Court Division C.

Henry Chiapella, for plaintiff and appellee.

Geo. J. Untereiner, for defendant and appellant.

MOORE, J.   Plaintiff sues for the recovery of the balance alleged to be due on a promissory note executed by Mrs. Marion Karstendiek, duly authorized by her husband and for the recognition of the vendor's lien, together with a mortgage and pledge by which the same purports to be secured, as also for the re-imbursement of money expended in the payment of taxes on the property alleged to have been mortgaged.

The defendant answers that the note sued on, though identified with a Notarial act as representing the purchase price of immovable property sold to her by the plaintiff was, in reality, given in consideration or a loan of money obtained by her from the plaintiff at the instance and for the benefit of her husband and for which she is not liable.   Further answering, she alleges that if Act 115 of 1888 be relied on, then said act is unconstitutional for this to-wit :

1.   That it contains more than one object.

2.   That it is unequal in its operation.

3.   That it grants special privileges to Homestead Associations, which are not enjoyed by other corporations or by individuals.

And she further alleges that plaintiff has not complied with the provisions of said Act.

There was judgment in the District Court in favor of the plaintiff for id est for $1137.96 as the balance due on the note with attorney's fees and interest and for $37.80 on acconnt of taxes paid, with iuterest, the whole with recognition of the vendor's lien and mortgage on the immovable property described in the petition and

181

with recognition of the pledge of six shares of stock in the plaintiff company.

From this judgment the defendant appeals.

Simultaneous with the filing of this suit in the District Court a similar suit was instiuted by the plaintiff against the same defendant on another note, but for a larger amount and secured by mortgage on other immovable property and pledge of additional shares of stock in the defendant company.

Precisely the same defense was made in the latter suit. The pleadings in both, with the exception as to amount and the property to be affected are verbatim. From a judgment against her in the latter suit the defendant prosecuted an appeal to the Supreme Court and that Court affirmed the judgment appealed from, American Homestead Company vs Mrs Marion M. Karstendiek, No. 14,625, Dec. 14th., 1903 and not yet reported.

This is determinative of the issues involved in the instant cause except as to a question of taxes for 1899 alleged to have been due the City of New Orleans and which plaintiff alleges it has paid, and which question was not involved in the case appealed to the Supreme Court.

It appears that consulting the item aggregating $37.80 which plaintiff alleges it paid for insurance premiums and taxes on the property and for which judgment was rendered, there is the sum of $72.74 for City taxes for 1899.

This sum the plaintiff cannot recover for as much as the act of sale of the property from plaintiff to defendant specially recites that "all taxes due on said property up to the 31st. of December, 1899 are paid."

Besides this, the secretary of the plaintiff company testifies that out of the amount of the loan made to the defendant by the plaintiff, and which loan is represented by the note sued on, there was deducted a sum sufficient to pay "back taxes $187.04, and that out of the net balance coming to her there was retained by the Notary $116.25 to cover some other taxes which they had also failed to pay, etc."

To this extent and in this particular the judgment must be amended.

It is therefore ordered, adjudged and decreed that so much of the judgment appealed from as condemns the defendant to pay "the further sum of thirty-seven 80-100 dollars with legal interest from judicial demand until paid," be and the same is hereby amended by reducing same to the sum of twenty-five 60-100 dollars and that as thus amended the judgment in all other particulars is affirmed; the cost of appeal to be taxed against the appellee and those of the lower Court against the appellant.

Amended and affirmed.